# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

June 6, 2017

**LETTER OPINION**

<u>VIA CM/ECF</u>
All counsel of record

Re:   *Greenfield v. Trenton Police Department, et al.*
      Civil Action No. 16-4366 (MAS) (DEA)

Dear Counsel:

    This matter comes before the Court upon the Motion to Dismiss of Defendant Mercer County Prosecutor's Office ("MCPO"). (ECF No. 9.) Plaintiff Talaya Greenfield ("Plaintiff") filed opposition (ECF No. 11), and MCPO replied (ECF No. 12). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, the Court GRANTS MCPO's Motion.

    MCPO argues that Eleventh Amendment immunity bars Plaintiff from bringing her claims against MCPO in federal court. (MCPO's Moving Br. 5, ECF No. 9.) According to MCPO, "County Prosecutor's offices acting in their prosecutorial role have repeatedly been held to be 'the State' for the purpose of applying Eleventh Amendment immunity."[1] (*Id.* at 7.) Here, Plaintiff concedes that the Eleventh Amendment bars her claims against MCPO in federal court, stating that: "Plaintiff['s] Counsel, based on a review of the pertinent case[]law cited by Movant MCPO, does not dispute that the MCPO should be deemed an 'arm of the State,' based on what information we have thus far. As such, the [Eleventh] Amendment applies and insulates it from the Federal Constitutional claims contained in Count [Four] of Plaintiff's Complaint." (Pl.'s Opp'n Br. 2, ECF No. 11.) Additionally, although Plaintiff attempts to limit her concession to her federal claims, the Eleventh Amendment also applies to state claims. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104 (1984); *Balsam v. Sec'y of N.J.*, 607 F. App'x 177, 183 (3d Cir. 2015).

---

[1] State immunity extends to state agencies where the State is "the real party in interest." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Court applies a three-factor test to determine whether the State is a real party of interest: 1) whether payment of a judgment would come from the State; 2) the agency's status under state law; and 3) the agency's degree of autonomy. *Fitchik v. N.J. Transit Rail Operation*, 873 F.2d 655, 659 (3d Cir. 1989).

Accordingly, the Court GRANTS MCPO's Motion to Dismiss with prejudice. *See Kreutzberger v. Pa. Dep't of Corr.*, No. 16-1429, 2017 WL 1135708, at *1-3 (3d Cir. Mar. 27, 2017) (affirming dismissal with prejudice on the grounds of futility where the district court determined that the defendants were immune to the plaintiff's claims under the Eleventh Amendment).

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**